Argued and submitted May 6, 1983, affirmed on appeal,
reversed on cross-appeal May 9, reconsideration denied June 29,
petition for review denied September 18, 1984 (297 Or 824)

## CONTRACTORS, INC.,
*Respondent - Cross-Appellant,*

*v.*

## FORM-EZE SYSTEMS, INC.,
*Appellant - Cross-Respondent,*

(A7908 03650; CA A24474)

681 P2d 148

Brian E. Jeanotte, Portland, argued the cause for appellant-cross-respondent. With him on the brief were Suzanne Townsend and Jeanotte & Townsend, Portland.

Paul R. Meyer, Portland, argued the cause for respondent-cross-appellant. With him on the brief was Kobin & Meyer, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Form-Eze Systems, Inc. appeals an order of the circuit court affirming an award by arbitrators in favor of Contractors, Inc. The award provided in part that Contractors should have judgment against Form-Eze and that equipment belonging to Form-Eze that was in Contractors' possession should be sold on foreclosure to pay off the judgment. Contractors cross-appeals from that portion of the order which refused to adopt the arbitrators' award of attorney fees. We affirm on the appeal and reverse on the cross-appeal.

In 1977, Form-Eze and Contractors entered into three related agreements. Two of them were lease agreements whereby Form-Eze leased certain forming equipment to Contractors for use in the concrete work of a multi-level parking structure in downtown Portland. The third agreement was Form-Eze's guarantee to Contractors that the labor costs involved in the use of the leased equipment would not exceed amounts determined by a specified formula. The labor guarantee agreement also provided that the leased equipment on the job site would secure performance thereof and that for purposes of that agreement the value of the equipment would be established at no less than 75 percent of its total value.

As the job progressed, disputes arose over the interpretation of the labor guarantee formula and whether the actual labor costs were exceeding the amount guaranteed. Finally, in August, 1979, Contractors filed this action against Form-Eze for resolution of the disputes. In January, 1980, the trial court granted Form-Eze's application for abatement and stayed the court proceeding pending arbitration pursuant to their contract.

In September, 1980, the arbitrators awarded Contractors $58,820.92, plus interest at the legal rate, together with attorney fees and costs. In a supplemental award, the arbitrators fixed the sum of $16,861.37 as reasonable attorney fees. Form-Eze filed exceptions to the award, after which the court ordered the award of attorney fees stricken, but otherwise affirmed the award.

In July, 1981, Form-Eze filed a petition with the court alleging that Contractors had stored the leased items in a commercially unreasonable manner and prayed that the court refer the matter back to the arbitrators for decision. On

August 31, the court remanded issues relating to the storage to the arbitrators and instructed them to vacate the award of attorney fees. Following an additional hearing, the arbitrators issued a second award, concluding that Contractors must expend $7,500 to recondition the collateral by sandblasting and painting, which it could not recover from the funds of sale. The arbitrators restated their conclusion that Contractors was entitled to reasonable attorney fees. The circuit court reviewed the arbitration award and, although it noted certain errors of fact, held that there was not "any reason to set aside the arbitration, because their findings are justified under the law." The court again vacated the award of attorney fees but otherwise affirmed the award. Form-Eze appealed and Contractors cross-appealed from the final judgment.

In its appeal, Form-Eze contends, first, that the court was required by ORS 33.330 to assume jurisdiction over the dispute after it had remanded the dispute to the arbitrators a second time and they had failed to follow the court's instructions. ORS 33.330 provides:

> "If, upon exceptions filed, it appears to the court that the award should be vacated or modified, the court may refer the cause back to the arbitrators with proper instructions for correction or rehearing and, upon failure of the arbitrators to follow said instructions, the court shall have jurisdiction over the case and proceed to its determination."

That statute is inapplicable here, because the court did not refer the cause back to the arbitrators with instructions that the award should be vacated or modified on any issue except attorney fees. All of the other issues which had been decided by the arbitrators were affirmed. The purpose of referring the cause back to the arbitrators was to decide new issues that had not been raised previously and which had not been considered or decided by the arbitrators. ORS 33.330 is applicable only when a trial court refers back to arbitrators issues which previously have been before them and thereafter they fail to follow its instructions on those issues. The court did not err in accepting the award of the arbitrators rather than assuming jurisdiction over the case.[1]

---

[1] Arguably, ORS 33.330 may be applicable to the issue of attorney fees, because the court remanded that portion of the award to the arbitrators with an instruction that it be vacated, and the arbitrators failed to abide by that instruction. However, our resolution of the issue of attorney fees on the cross-appeal makes that issue moot.

■ Form-Eze's second assigned error is that the court refused to order depositions of the arbitrators following the second arbitration. Form-Eze acknowledges in its brief that "the general rule is that an arbitrator's testimony is inadmissible to impeach an award," but argues that it should be admitted when there is an objective basis for some reasonable belief that fraud or misconduct occurred on the part of the arbitrators. Assuming that that is the rule, we need not reach the question here, because we hold there is no such objective evidence in this case. Form-Eze alleges that it sought the depositions to elicit testimony "concerning fraud or misconduct in the form of ex-parte discussion which may have been the basis for the second award of the arbitrators." There is no evidence of any kind that any of the arbitrators participated in ex parte visits or ex-parte discussions that could have affected their second arbitration award. The only evidence of any ex parte contact between Contractors' attorney and one of the arbitrators is a letter from one of the arbitrators to that attorney, which was sent after the first arbitration award and prior to submission to the arbitrators of the second arbitration award. The letter did not deal with any of the issues that the court submitted to the arbitrators on the second award. There was no error in refusing to allow Form-Eze to engage in a fishing expedition by deposing the arbitrators.

■ Form-Eze's third assignment of error is that the court erred in not vacating the arbitration award based on evident partiality of the arbitrators. The allegation of partiality is based on the alleged misconduct of one arbitrator. Form-Eze asserts that three types of evidence show his prejudice. First, the arbitrator in an earlier deposition testified that he knew Contractors' attorney and that, although he often disagreed with him, he had great respect for his legal ability. The second alleged evidence of bias is that, after the original arbitration award had occurred and during the time when the arbitrators believed that they were through with the case, the attorney sent to the arbitrator a copy of the court's opinion that had rejected the award of attorney fees. The arbitrator replied to that letter, stating his reasons for disagreement with the court's order. The third alleged evidence of bias consists of alleged factual errors in the arbitration award. The first and third reasons clearly do not support the claim of bias on the part of the arbitrator. The second point

shows nothing more than an interest of the arbitrator in the correctness of his and the other arbitrators' decision. There is no evidence that the arbitrator in question was prejudiced against Form-Eze or in favor of Contractors. The trial court did not err in refusing to vacate the award.

In its fourth assignment, Form-Eze contends that the court erred in ruling in its first order remanding the dispute to the arbitrators that the labor guarantee agreement was not, as a matter of law, a representation by Contractors as to the value of the collateral. It is clear that it was not, but even if that ruling was error, Form-Eze waived it by proceeding to submit to the arbitrators "all issues remaining to be resolved between the parties," resulting in a full and complete award on all issues presented, including the present construction.

The fifth, sixth and seventh assignments of error of Form-Eze are based on an assertion that the trial court erred in allowing Contractors to amend its complaint. ORCP 23A provides that a party may amend pleadings at any time by leave of the court "and leave shall be freely given when justice so requires." Further, ORCP 23B allows for amendments to conform the pleadings to the proof even after judgment. The trial court has broad discretion in determining when justice requires amendment to a complaint, and its decision will not be disturbed unless it is shown that the court exceeded the bounds of its discretion. There is no such showing here.[2]

On cross-appeal, Contractors contends that the trial court erred in refusing to accept the arbitrators' award of attorney fees. The court concluded that the arbitrators' legal interpretation of the contract was incorrect. Whether the arbitrators correctly interpreted the agreement is beside the point, at least when, as here, the parties submitted the question of their respective entitlement to attorney fees to the arbitrators. Judicial review of factual and legal determinations made in arbitration awards is strictly limited, and a reviewing court may not reverse an arbitration award, even if it is based on a mistake of fact or law. *Brewer v. Allstate Insurance Co.*, 248 Or 558, 562, 436 P2d 547 (1968). In *Brewer,*

[2] Form-Eze's eighth assignment of error relates to attorney fees and is resolved by our disposition of the cross-appeal.

the arbitrators erred in the allocation of the burden of proof. The court held:

> "* * * The arbitrator acts within the bounds of his authority not only when he decides a question of law correctly according to judicial standards, but also when he applies the law in a manner which a court would regard as erroneous. * * *" 248 Or at 561-62.

Such errors of law

> "* * * are a part of the cost of employing the arbitration method of decision-making. The principal purpose of arbitration is to avoid litigation. If the arbitrator's award is subject to extensive judicial control, this purpose is largely frustrated. * * *" 248 Or at 562.

A reviewing court may reverse a question of law or fact resolved by an arbitrator only if the decision is "so grossly erroneous as to strike at the heart of the decision-making process." 248 Or at 563.

■ It is undisputed that the issue of attorney fees was submitted to the arbitrators during the first arbitration and that the award granted Contractors attorney fees and costs in the amount of $16,861.37 in connection with the first arbitration and $9,014 in connection with the second. Although the trial court vacated those portions of the award, it found that the costs and attorney fees were reasonably and necessarily incurred. The issue of entitlement to attorney fees was a legal issue that the parties could and did submit to the arbitrators and, regardless of whether the decision was right or wrong, any error was not so "grossly erroneous as to strike at the heart of the decision-making process."

Accordingly, on the cross-appeal we reinstate the arbitrators' award to Contractors for attorney fees, costs and disbursements.

Affirmed on appeal; reversed on cross-appeal.