Argued and submitted June 4, Court of Appeals reversed and circuit court's award of attorney fees reinstated September 17, 1985

STATE ex rel ADULT AND FAMILY
SERVICES DIVISION,
*Respondent on Review,*

*v.*

FULOP,
*Petitioner on Review.*

(D8204-68360; CA A31740; SC S31630)

STATE ex rel ADULT AND FAMILY
SERVICES DIVISION,
*Appellant,*

*v.*

CUBIC,
*Respondent.*

(D8301-60009; CA 32166)
(Cases Consolidated)
706 P2d 921

Lawrence D. Gorin, Portland, argued the cause for petitioner. With him on the brief and petition was Keller, Gottlieb and Gorin, Portland.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

CAMBPELL, J.

## CAMPBELL, J.

This is a filiation proceeding. After a three-day trial, the jury found that the defendant was not the father of the child. The trial court awarded the defendant attorney fees under ORS 109.155(4).[1]

The plaintiff, State of Oregon ex rel Adult and Family Services Division, appealed to the Court of Appeals assigning as the sole error that the trial court was wrong in awarding the defendant attorney fees "where his pleading asserted neither the facts, statute nor rule that provides a basis for the award."

The plaintiff relies on ORCP 68C.(2):

"A party seeking attorney fees shall assert the right to recover such fees by alleging the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party. A party shall not be required to allege a right to a specific amount of attorney fees; an allegation that a party is entitled to 'reasonable attorney fees' is sufficient. If a party does not file a pleading and seeks judgment or dismissal by motion, a right to attorney fees shall be asserted by a demand for attorney fees in such motion, in substantially similar form to the allegations required by this subsection. Such allegation shall be taken as substantially denied and no responsive pleading shall be necessary. Attorney fees may be sought before the substantive right to recover such fees accrues. No attorney fees shall be awarded unless a right to recover such fee is assertd as provided in this subsection."

The Court of Appeals reversed in a per curiam decision stating that the defendant had failed to comply with the specific requirements of ORCP 68C.(2). *State ex rel AFSD v. Fulop,* 72 Or App 424, 695 P2d 979 (1985). Judge Rossman dissented. We reverse the Court of Appeals and reinstate the trial court's award of attorney fees, but for a reason different from that suggested by the dissent.

The threshold question is whether the Oregon Rules of Civil Procedure apply to this particular filiation case.

---

[1] The relevant portion of ORS 109.155(4) is:

"* * * The court may grant the prevailing party reasonable costs of suit, and reasonable attorney fees at trial and on appeal."

On April 23, 1982, the "Complaint in Civil Action to Establish Paternity and Support" was filed in this case. It contained a prayer asking that the defendant appear and show cause why "orders and judgment should not be entered" against the defendant.

On the same date, the circuit judge signed an "Order to Show Cause" requiring the defendant to:

"* * * appear in the above-entitled court * * * on June 25, 1982 at the hour of 9:00 a.m., * * * to show cause, if any there be, why relief should not be granted as requested in the complaint in civil action to establish paternity filed herein, a copy of which is attached hereto."

Immediately below the circuit judge's signature on the order to show cause was the following:

"NOTICE TO DEFENDANT: READ THESE PAPERS CAREFULLY! You must 'appear' in this case or the plaintiff will win automatically. To 'appear' you must either be in the stated place at the stated time or you must file with the court a legal paper called a 'motion' or 'answer of admission or denial.' The 'motion' or 'answer' must be given or mailed to the court clerk or administrator before the stated hearing date. It must be in proper form and have proof of service on the plaintiff. If you have any questions, you should see an attorney immediately. If you want to be represented by an attorney, arrange for him to appear. If you wish to discuss this matter before the court hearing date, contact the SED office at the phone number and address listed on the bottom of this page and ask to speak to the person handling your case. You can find the location of the courtroom by inquiring in Room #210 of the courthouse."

On May 18, 1982, the defendant filed an answer which included a general denial and the following paragraph:

"Defendant should be granted judgment against plaintiff on account of his reasonable attorney fees and actual costs and disbursements incurred herein."

The relevant portions of ORS 109.125 on the above-entitled dates were:

"(2)   Proceedings shall be initiated by the filing of a duly verified petition of the initiating party. The petition shall contain:

"* * * * *

"(F)   A prayer for an order directing the defendant to appear at a time and place certain to answer the petition.

"* * * * *

"(4)   Upon filing of the petition, the court shall make an order directing the defendant to appear at a time and place certain to answer the petition. The order shall further state that for failure to appear as directed the court may enter its decree for the relief prayed for in the petition.

"(5)   The order to show cause shall be served as in civil cases by personally serving the defendant with a copy of the order to show cause and petition."

In 1983 the Oregon Legislature by passing House Bill 2261 repealed the above quoted ORS 109.125(2)(F), (4) and (5). Or Law 1983 ch 762 §2. At the same time it amended ORS 109.135(1) by adding:

"Unless otherwise specifically provided by statute, the proceedings shall be conducted pursuant to the Oregon Rules of Civil Procedure."[2] Or Laws 1983 ch 762 §3.

These new provisions became effective 90 days after the end of the regular session of the legislature, which adjourned on July 16, 1983.

The Department of Justice, the same branch of our state government which represents the plaintiff in this case, was one of the sponsors of House Bill 2261. Part of the testimony of an Assistant Attorney General before the House Judiciary Committee was as follows:

"House Bill 2261 makes several changes to the statutory scheme for the establishment of paternity. First, it completes the decriminalization of the paternity statutes by deleting all references to the 'defendant' and inserting the word 'respondent.'

"* * * * *

"Third, and perhaps most significantly, the Bill provides that paternity proceedings are to be conducted pursuant to

---

[2] After the 1983 amendment, the full text of ORS 109.135(1) now reads:

"All filiation proceedings shall be commenced in the circuit court and shall for all purposes be deemed suits in equity, but either party shall have the right to trial by jury on the issue of paternity. Unless otherwise specifically provided by statute, the proceedings shall be conducted pursuant to the Oregon Rules of Civil Procedure."

the Oregon Rules of Civil Procedure. This would mean that paternity actions could be commenced using a summons instead of an order to show cause. * * *."[3]

The Department of Justice would not have sponsored House Bill 2261 and the legislature would not have passed it as chapter 762 of Oregon Laws 1983 if the Oregon Rules of Civil Procedure had previously applied to filiation proceedings. In other words, if the ORCP governed the procedure in filiation cases prior to 1983, there would have been no need to repeal ORS 109.125(2)(F), (4) and (5) and amend ORS 109.135(1). The legislature would not have done a useless act. *See 1000 Friends of Oregon v. Wasco County Court,* 299 Or 344, 358, 703 P2d 207 (1985).

Also, a full reading of the "Notice to Defendant" at the bottom of the Order to Show Cause, *supra,* shows that this notice is different from the "Notice to Defendant" required by ORCP 7C.(3)(a).[4] The notice that the defendant received allowed him to appear without filing an answer. More important is the fact that it also limited the required "answer," if defendant chose to answer, to an "answer of admission or denial." There was no 30-day limit to answer but the answer could be "given or mailed to the court clerk or administrator before the stated hearing date." The last half of the notice bears no resemblance to the sample notice of ORCP 7C.(3)(a). In short, the Department of Justice made up its own notice indicating that it assumed that the ORCP did not apply to filiation proceedings.

---

[3] Minutes, House Judiciary Subcommittee 2 (Feb. 1, 1983 Exhibit A. HB 2261, testimony of Lawrence Young).

[4] ORCP 7C.(3)(a) provides:

"**In general.** All summonses, other than a summons referred to in paragraph (b) or (c) of this subsection, shall contain a notice printed in type size equal to at least 8-point type which may be substantially in the following form:

"NOTICE TO DEFENDANT:
READ THESE PAPERS
CAREFULLY!

"You must 'appear' in this case or the other side will win automatically. To 'appear' you must file with the court a legal paper called a 'motion' or 'answer.' The 'motion' or 'answer' must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

"If you have questions, you should see an attorney immediately."

We hold that the Oregon Rules of Civil Procedure did not apply to filiation proceedings prior to the effective date of chapter 762, Oregon Laws 1983.

■    Because this case was tried in February, 1984, it could be argued that ORCP 1C. requires an application of ORCP 68C.(2). ORCP 1C. provides:

"Application. These rules, and amendments thereto, shall apply to all actions pending at the time of or filed after their effective date, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies."

In April, 1982, when the defendant was cited to appear and show cause, he was not required to file an answer. He was only required to appear in person in court on June 25, 1982, and orally admit or deny the allegations in the complaint. Under the law in effect at that time, he could have gone to trial on his oral denial. However, the defendant elected to file an "answer" on May 18, 1982.

ORCP 68C.(2) provides in part:

"A party seeking attorney fees shall assert the right to recover such fees by alleging the facts, statute, or rule which provides a basis for the award of such fees *in a pleading* by that party * * *." (Emphasis added.)

If the defendant had not filed an answer, there would have been no pleading in which to assert that he was claiming attorney fees under ORS 109.155(4). If ORCP 68C.(2) were applied to this case because an answer was filed, then the defendant would be required to go back and amend it to include the assertion for attorney fees. This would be a retroactive application of ORCP 68C(2). The fact that the plaintiff did not amend its complaint to change "defendant" to "respondent" or attempt to start over and change the previous statutory scheme by using a "summons" instead of an "order to show cause" indicates that the Department of Justice, after the amendment of ORS 109.135(1), did not think that ORCP 68C.(2) had a retroactive effect as to pending filiation proceedings.

One of the purposes of ORCP 68C.(2) is to give notice

of the precise nature of the claim for attorney fees at the pleading stage.

> "The Council felt that a party should receive some warning of a potential claim for attorney fees prior to trial, even though the decision on amount and entitlement to these fees is postponed until a bill of disbursements is filed. Requiring a pleading allegation of a right to attorney fees in 68C.(2) also allows the opponent to test the right to such fees by a pretrial motion." Council on Court Procedures, Staff Comment to Rule 68, *reprinted* in F. Merrill, Oregon Rules of Civil Procedure: 1984 Handbook 160-61.

We hold that ORCP 68C.(2) is not retroactive as to the pleadings in a filiation proceeding that was pending on the effective date of chapter 762, Oregon Laws 1983.

We do not reach the question on which the Court of Appeals decided this case.

We reverse the Court of Appeals and reinstate the trial court's award of attorney fees.