Argued and submitted May 8, 1986, at Pendleton, Oregon, affirmed January 28, 1987

STATE OF OREGON,
DEPARTMENT OF HUMAN RESOURCES,
*Respondent,*

*v.*

STRASSER,
*Appellant.*

(F-85-39; CA A38838)

732 P2d 38

W. Eugene Hallman, Pendleton, argued the cause for appellant. With him on the brief were William A. Galbreath, Milton-Freewater, and Mautz & Hallman, Pendleton.

David Schuman, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Richard D. Wasserman, Assistant Attorney General, Salem.

Before Warden, Presiding Judge, and Rossman and Deits, Judges.

WARDEN, P. J.

Rossman, J., dissenting.

## WARDEN, P. J.

Appellant prevailed in this filiation proceeding when the jury found that he was not the father of the child in question. He appeals the trial court's refusal to award him attorney fees on the ground that he had failed to plead "the facts, statute, or rule" pursuant to ORCP 68C(2) to support an award of attorney fees.

The state's petition alleged that appellant is the father of the child and included a prayer for attorney fees pursuant to ORS 109.155(4). In his answer, he denied the allegations and asked for "reasonable attorney fees" but failed to cite any basis for an award. Following the jury verdict in his favor, he submitted a statement of the amount of attorney fees under ORCP 68C(4)(a). The state objected to the cost bill, because appellant had failed to allege properly the facts, statute or rule that provides for the award of attorney fees as required by ORCP 68C(2). Appellant then moved to amend "his responsive pleading to conform to the evidence" and include the statutory authority for attorney fees. The trial court denied the motion to amend, reasoning that "ORCP 23B permits amendments to conform to the evidence at trial but in this action there was not evidence * * * to which the proposed amendment would relate back." The objections to the cost bill were therefore allowed. We affirm.

■       The relevant language of ORCP 68C provides:

"C.(1)    * * * Notwithstanding Rule 1A and the procedure provided in any rule or statute permitting recovery of attorney fees in a particular case, this section governs the pleading, proof, and award of attorney fees in all cases, regardless of the source of the right to recovery of such fees * * *.

"* * * * *

"C.(2)    * * * A party seeking attorney fees shall assert the right to recover such fees by alleging the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party. * * * No attorney fees shall be awarded unless a right to recover such fee is asserted as provided in this subsection."

The rule requires a party to assert specifically the facts, statute or rule which entitles it to recover attorney fees, and the last sentence of ORCP 68C(2) unequivocally provides that, if that is not done, no attorney fees shall be awarded. It is

undisputed that appellant failed to comply with the ORCP 68C(2) requirement. We therefore affirm the denial of attorney fees pursuant to ORCP 68C(2). *State ex rel AFSD v. Fulop,* 72 Or App 424, 695 P2d 979, *rev'd on other grounds* 300 Or 39 (1985).

■        Appellant argues that the trial court erred in denying his ORCP 23B motion to amend his pleading to conform to the evidence. There was no evidence to which the pleading could be conformed, and therefore that argument lacks merit.

We also conclude that ORCP 12B does not apply. To read "disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party" to excuse a party from pleading a part of his claim at all would render superfluous the specific language of ORCP 68C(2): "No attorney fees shall be awarded unless a right to recover such fee is asserted as provided in this subsection."

Affirmed.

**ROSSMAN, J.,** dissenting.

I dissent. The majority's terse disposition of this case is an unfortunate continuation of this court's misguided process of erecting a gargantuan tower of form over substance. I disagreed with our decision in *State ex rel AFSD v. Fulop,* 72 Or App 424, 695 P2d 979, *reversed on other grounds* 300 Or 39, 706 P2d 921 (1985), and I will keep voicing my concern over this court's insistence on following that case's fallacious rationale.

ORCP 68C(2) requires that "[a] party seeking attorney fees shall assert the right to recover such fees by alleging the facts, statute, or rule which provides a basis for the award of such fees." ORCP 12B provides that "[t]he court shall, in *every* stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party." (Emphasis supplied.) The apparent holding by the majority is that these two rules cannot coexist and that the courts must choose application of one over the other. I respectfully suggest that such a precept is just plain nonsense.

I believe that the rules are in complete harmony with

one another. Life for one does not mean death for the other. ORCP 12 is a rule of general application, the obvious purpose of which is to reinforce the rules' relaxation of the stringent —and sometimes picayune—pleading rules that had come to apply to civil procedure and to prevent the injustices that resulted from their strict application. I am unable to understand why anyone would try to argue that ORCP 12A, providing that "[a]ll pleadings shall be liberally construed with a view of substantial justice between the parties," is inapplicable when another rule specifies a particular method of pleading. Yet, for some unimaginable reason, the majority relegates ORCP 12B to an inferior position, to be acknowledged and followed only when convenient. The rule "constitutes an explicit directive from the legislature to disregard errors and defects which do not affect the substantial rights of the adverse parties." *Murray v. Meyer,* 81 Or App 432, 435, 725 P2d 947, *rev den* 302 Or 342 (1986). It applies as a general, overriding policy for all other rules of civil procedure.

That the majority would have us scrap a rule of fairness in favor of a strict robot-like reading of ORCP 68C does not square with any reasonable interpretation of what the rules of procedure are meant to be. There is not the slightest hint of any possible prejudice to the state in this case if ORCP 12B is applied. The state's own pleading specifically alleges the relevant attorney fee statute. No one is being ambushed or unfairly surprised by respondent's request for attorney fees.

It is ironic that the majority declares that to apply ORCP 12B here "would render superfluous the specific language of ORCP 68C(2)." We rejected that precise argument in *Murray v. Meyer, supra.* If we are concerned about rendering a rule superfluous, it should be noted that the result of this case (and *Fulop*) is to obliterate forever ORCP 12B.

Each rule of civil procedure has a specific purpose. Most rules specify a particular procedure to be followed at various stages of the proceedings. Thus, if ORCP 12B does not apply when a rule is specific, it becomes meaningless. We may presume that the legislature was aware of the specificity of the other rules when it enacted ORCP 12B; we cannot assume that it intended 12B to have no meaning.

Having said all of that, I must also add that this case

can be decided fairly *despite Fulop.* Respondent attempted to follow the procedure that was suggested in the *Fulop* dissent, which might save the day for an unwary lawyer: When respondent was faced with an objection to the cost bill on the basis of improper pleading, he moved to amend his "responsive pleading" to include the statutory basis for attorney fees. The trial court, however, denied the motion, because it mistakenly understood that it had no discretion to allow the amendment. Leaving the strict rule of *Fulop* aside, respondent should have been able to amend and thereby to comply with ORCP 68C.

ORCP 23 allows for amendments to the pleadings at various stages of the proceedings, including after judgment. Amendments to conform to the evidence are governed by ORCP 23B:

> "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. *If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice such party* in maintaining an action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence." (Emphasis supplied.)

Here, respondent moved to amend following an objection to the cost bill. The trial court, in denying the motion, reasoned that "ORCP 23B permits amendments to conform to the evidence at trial but in this action there was no evidence * * * to which the proposed amendment would relate back."

Submission of a cost bill and objections to it or to the pleadings for attorney fees does not occur until the underlying controversy is decided. ORCP 68C(3), (4). This results in what can best be labeled as a bifurcated process whereby the court holds, in essence, a mini-trial on the issue of attorney fees. Thus, it should be apparent that *any* evidence on the issue of

attorney fees will be submitted following judgment, not during the trial on the merits. It is also apparent that, if a party seeks to amend a pleading in response to an objection to admission of evidence of attorney fees, which will not be raised until the hearing on the cost bill, it should be allowed to do so pursuant to ORCP 23B. The trial court should have discretion to allow the amendment within the limits of ORCP 23B. We should remand to allow the trial court the opportunity to exercise its discretion and to do justice in this case.

I hope that the tower will eventually come tumbling down.