Argued and submitted October 2, affirmed November 18, 1987

# BENJ. FRANKLIN FEDERAL
# SAVINGS AND LOAN ASSOCIATION,
*Respondent,*

*v.*

# PHILLIPS,
*Appellant.*

(A8510-06370; CA A43585)

745 P2d 437

Thomas A. Andersen, Beaverton, argued the cause for appellant. With him on the briefs was Richardson, Richardson & Andersen, Beaverton.

Kevin W. Luby, Portland, argued the cause for respondent. With him on the brief was Niehaus, Hanna, Murphy, Green, Osaka & Dunn, Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

This is an interpleader action. Plaintiff was awarded a judgment on the pleadings, which was entered pursuant to ORCP 67B. Only defendant Luva Phillips appeals. The issue is whether the trial court abused its discretion when it allowed plaintiff to amend its complaint in order to plead an entitlement to attorney fees as provided by ORCP 68C. We affirm.

Plaintiff alleged in the complaint that it held certain funds in trust and that defendants had made conflicting claims to the funds. Defendant answered and claimed an interest in the funds. Thereafter, plaintiff moved for judgment on the pleadings. Defendant did not oppose it. Plaintiff submitted a proposed judgment, which included an award of attorney fees. Defendant objected on the ground that plaintiff had failed to plead in its complaint a right to attorney fees pursuant to ORCP 68C(2). After a hearing, the trial court granted plaintiff leave to amend its complaint to include a request for attorney fees.[1] In an amended final judgment, the trial court awarded plaintiff its reasonable attorney fees.

■ ORCP 68C(2)[2] provides that a party seeking attorney fees shall assert the right in a pleading. Plaintiff concedes that its original complaint did not comply with the requirements of the rule. *See Dept. of Human Resources v. Strasser,* 83 Or App 361, 732 P2d 38 (1987); *State ex rel AFSD v. Fulop,* 72 Or App 424, 695 P2d 979, *rev'd on other grounds* 300 Or 39, 706 P2d 921 (1985); *Parkhurst v. Faessler,* 62 Or App 539, 661 P2d 571 (1983). However, plaintiff argues that the court correctly exercised its discretion when it allowed it to amend its complaint to include a request for attorney fees.

---

[1] Plaintiff asserts a right to attorney fees pursuant to the rule in *Gresham State Bank v. O & K Con. Co.,* 231 Or 106, 370 P2d 726 (1962).

[2] ORCP 68C(2) provides:

"A party seeking attorney fees shall assert the right to recover such fees by alleging the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party. A party shall not be required to allege a right to a specific amount of attorney fees; an allegation that a party is entitled to 'reasonable attorney fees' is sufficient. If a party does not file a pleading and seeks judgment or dismissal by motion, a right to attorney fees shall be asserted by a demand for attorney fees in such motion, in substantially similar form to the allegations required by this subsection. Such allegation shall be taken as substantially denied and no responsive pleading shall be necessary. Attorney fees may be sought before the substantive right to recover such fees accrues. No attorney fees shall be awarded unless a right to recover such fee is asserted as provided in this subsection."

ORCP 23A liberalized the process of amending pleadings and provides that leave to amend "shall be freely given when justice so requires." The trial court is granted broad discretion in making that determination. *Contractors, Inc. v. Form-Eze Systems, Inc.,* 68 Or App 124, 129, 681 P2d 148, *rev den* 297 Or 824 (1984). We review only for abuse of discretion. *Contractors Inc. v. Form-Eze Systems, Inc., supra,* 68 Or App at 129.

■ Plaintiff's request for attorney fees followed an unopposed motion for judgment on the pleadings and was made before entry of the final judgment. *Cf. U.S. Nat'l Bank v. Smith,* 49 Or App 289, 619 P2d 921 (1980), *modified on other grounds,* 292 Or 123, 637 P2d 139 (1981) (improper to allow amendment of the pleading for increased attorney fees after entry of judgment). Although ORCP 68C clearly states that the right to attorney fees shall be asserted in a pleading, there is nothing in the rule to suggest that an amendment to comply with the rule is precluded.

■ Defendant does not contest plaintiff's substantive right to attorney fees. Defendant also fails to assert any prejudice, and on this record we find none. Although plaintiff's timing in pleading its entitlement to attorney fees is not to be commended, we cannot say that the trial court abused its discretion in allowing the amendment of the complaint.

Affirmed.