Argued and submitted May 31, affirmed July 13, 1988

# HAWORTH et al,
*Respondents,*

*v.*

# DSCHAAK,
*Appellant.*

(86-91252; CA A46531)

757 P2d 450

Randall E. Thwing, Eugene, argued the cause for appellant. With him on the brief was Thwing & Thwing, Eugene.

Donald E. Johnson, Eugene, argued the cause for respondents. With him on the brief was Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

PER CURIAM

## PER CURIAM

Plaintiffs Haworth and Farmers Insurance (Farmers) sued for damages arising from a car accident. Defendant counterclaimed against Farmers on breach of contract and negligence theories. Defendant admitted liability for the accident, and the case went to trial solely on defendant's counterclaims. The court directed a verdict for Farmers on defendant's breach of contract claim. The jury found for defendant on her negligence claim.

Defendant then filed a cost bill, which included a claim for attorney fees. Before judgment was entered, defendant moved to amend the fee allegation in her negligence counterclaim by interlineating the words "in accordance with ORS 20.080(2)."[1] Farmers objected. The motion was based on ORCP 23B and ORCP 12B. Defendant appeals its denial.

The trial court correctly denied the motion. *Dept. of Human Resources v. Strasser,* 83 Or App 361, 364, 732 P2d 38 (1987). Defendant urges, in essence, that we adopt the dissent in *Strasser* and overrule that decision. We decline to do so.

Defendant also relies on *Benj. Franklin Fed. Savings & Loan v. Phillips,* 88 Or App 354, 745 P2d 437 (1987). That case was decided under ORCP 23A, not ORCP 23B.

Affirmed.

---

[1] Initially, the only basis for attorney fees alleged in the negligence counterclaim was ORS 743.114, which is clearly inapposite.