Argued and submitted April 15, affirmed August 17, reconsideration denied November 25, petition for review denied December 20, 1988 (307 Or 245)

## SHEETS,
*Appellant,*

*v.*

## KNIGHT et al,
*Respondents.*

## (23-331; CA A41675)

759 P2d 307

David Gernant, Portland, argued the cause and filed the briefs on behalf of appellant.

Chris Rycewicz, Portland, argued the cause for respondents. With him on the brief were I. Franklin Hunsaker, Thomas A. Gordon and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland.

Before Warren, Presiding Judge, and Rossman, Judge, and Riggs, Judge pro tempore.

WARREN, P. J.

Rossman, J., specially concurring.

**WARREN, P. J.**

Plaintiff pled three claims for relief: breach of contract, wrongful discharge and violation of the Public Meetings Law, ORS 192.610 to ORS 192.690. Defendants moved to dismiss for failure to state a claim and for judgment on the pleadings. ORCP 21A(8) and ORCP 21B. The trial court granted the motions with regard to the wrongful discharge and violation of the Public Meetings Law claims and entered judgment. It also granted plaintiff's motion for voluntary dismissal without prejudice on the breach of contract claim. ORCP 54A(2). Plaintiff challenges only the dismissal of his wrongful discharge claim but also assigns as error the court's denial of his motion for leave to amend the complaint to allege the torts of intentional interference with a contractual relationship and intentional infliction of emotional distress.[1]

Plaintiff was employed by defendant county for more than 14 years as a building inspector. He alleged that he was forced to resign by defendants Knight, Williams and Woodward in their capacities as county commissioners because of his knowledge of "improper activities" on the part of the commissioners and their predecessors. Alternatively, he asserted that he was forced to resign either as a result of personal and political considerations, rather than inadequate performance of his duties, or as a result of vindictiveness on the part of Woodward.

On appeal, plaintiff contends in the first assignment of error that his wrongful discharge claim expressly alleged three separate causes of action: wrongful discharge, breach of contract not to discharge for other than good cause and tortious breach of the covenant of good faith and fair dealing implied in employment contracts. He raises several issues, in particular that there was an "implied in fact" contract between him and the county to discharge him only for good cause and that we should recognize the breach of the "implied-in-law" covenant of good faith and fair dealing as a separate ground of recovery in wrongful discharge cases.

■ All of plaintiff's arguments assume that his resignation amounts to a discharge, which is the essential element of

---

[1] Defendants argue that the judgment is not appealable. It disposes of all claims; therefore, it is the final determination of the rights of the parties in the action and as such is appealable. ORS 19.010.

the tort of wrongful discharge. We do not agree with that assumption.

Oregon case law on wrongful discharge has not applied the doctrine of constructive discharge. We referred to it in *dictum* in a case involving the tort of intentional interference with economic relations. *Lewis v. Oregon Beauty Supply Co.*, 77 Or App 663, 714 P2d 618 (1986), *aff'd in part, rev'd in part* 302 Or 616, 733 P2d 430 (1987). We said:

> "Although this is not a wrongful discharge case, we find [a Maryland court] analysis of the constructive discharge issue persuasive. We conclude that the concept of constructive discharge is recognized in Oregon." 77 Or App at 668.

The Supreme Court affirmed in part and reversed in part. It held that discharge is not a necessary element of the tort of intentional interference, thus making our discussion of constructive discharge unnecessary. 302 Or at 622. The only Oregon authority regarding a forced resignation is *Martin v. Gauld Co.*, 96 Or 635, 190 P 717 (1920), which holds that the legal effect of an offer to resign which is accepted is a resignation, even if the resignation was at the employer's request and was made merely for the sake of appearances. 96 Or at 639-40.[2] Although *Martin* is a contract rather than a tort case, it also arises out of the wrongful termination of an employment contract, and it is controlling until the Supreme Court says otherwise.

■ Even if constructive discharge is the law in Oregon, plaintiff failed to plead it sufficiently. The concept arose in federal labor and discrimination cases. Its elements vary in jurisdictions that recognize it. In general, a plaintiff must prove that the employer made the employe's working conditions so intolerable as to force an involuntary resignation. In addition, some jurisdictions require proof that the employer's

---

[2] Other jurisdictions have considered the issue. *Wilkinson v. Trust Company of Georgia Associates*, 128 Ga App 473, 197 SE2d 146 (1973), holds that, even if an employe resigned under pressure at his employer's request, it did not amount to a discharge, and *Fredericks v. Georgia-Pacific Corporation*, 331 F Supp 422 (D Pa 1971), *appeal dismissed* 474 F2d 1338 (1972), holds that a forced resignation is not synonymous with a discharge. *Cf. Humana, Inc. v. Fairchild*, 603 SW2d 918 (Ky App 1980) (an employe could sue for wrongful termination of employment contract notwithstanding that employe resigned, where employe alleged that he resigned under duress when threatened that, if he did not resign, bad references would be given to any future employer).

deliberate actions were taken with the intent to force a resignation; others employ a less stringent standard of the "reasonable employe," which requires only a showing that a reasonable person in the employe's position would feel compelled to resign. *See Lewis v. Oregon Beauty Supply Co., supra,* 77 Or App at 668-69.

Plaintiff's second amended complaint states that he was informed that, if he did not resign, defendants would dismiss him. It does not, however, allege that the conditions to which plaintiff was subjected were intolerable or that he resigned under duress. The threat of dismissal, without more, is insufficient to constitute constructive discharge.

We hold that, because plaintiff resigned, even if the resignation might have been at defendants' request, he has not stated a cause of action for wrongful discharge and his claim was properly dismissed. We need not address his other arguments, many of which relate properly only to the breach of contract action that be voluntarily dismissed.

3.  Plaintiff also assigns as error the trial court's denial of his motion to amend the complaint on the morning of trial to allege intentional interference with the employment relationship and intentional infliction of emotional distress. The trial judge concluded that the complaint pled new theories as to which defendants were without adequate notice to prepare a defense. Our review is limited to abuse of discretion. *See Contractors, Inc. v. Form-Eze Systems, Inc.,* 68 Or App 124, 129, 681 P2d 148, *rev den* 297 Or 824 (1984). We find none.

Affirmed.

**ROSSMAN, J.,** specially concurring.

Plaintiff alleges that he was forced to resign because he knew too much. Even assuming that a forced resignation can be the equivalent of a dismissal, which we need not decide,[1] plaintiff fails to state a claim. A wrongful discharge claim lies when an employer dismisses an employe because the

---

[1] It may be that the pleadings in this case are defective under any interpretation of the concept of "discharge," but I have deep reservations regarding the majority's bare conclusion that a forced resignation does not constitute a discharge. The doctrine of "constructive discharge" is alive and well in many jurisdictions throughout the country and may—for all anyone knows—be the law in Oregon.

employe pursued a recognized societal obligation. *Patton v. J. C. Penney Co.,* 301 Or 117, 121-22, 719 P2d 854 (1986).[2] In this case, plaintiff has not alleged dismissal because of any conduct on his part. Rather, the real gist of his claim is that his employer did not like him (or was nervous about having him around) and had no good reason to let him go. That simply is not enough to support a wrongful discharge claim. Accordingly, dismissal was proper.

Because I would resolve this case as stated above, it becomes necessary to go further and to deal with the "implied in fact" and "implied in law" arguments made by plaintiff.[3] He concedes that there is no precedent recognizing his claim of breach of a covenant of good faith and fair dealing with respect to decisions to terminate at will employes. The rule that he proposes is so broad that it would literally swallow the at will rule, which has long been recognized as prevailing in this state. As we observed in *Kofoid v. Woodard Hotels, Inc.,* 78 Or App 283, 287, 716 P2d 771 (1986), we should not be recognizing exceptions to the at will rule not yet recognized by the Supreme Court.

Therefore, I concur in the result reached by the majority, but I prefer to take a different route to get there.

---

[2] Plaintiff does not argue that his claim falls within the second exception to the at will rule, that is, discharge of an employe for pursuing a private, employment-related right of established public interest. *Delaney v. Taco Time Int'l,* 297 Or 10, 15-16, 681 P2d 114 (1984).

[3] It would seem to me that these arguments are really nothing more than an attempt by plaintiff to revive the voluntariliy dismissed contract claim. Plaintiff wants to create, rather than to enforce, a bargain.