Marjorie W. HALL,
*Respondent,*

*v.*

Mel FOX,
*Appellant.*

(A8706-04118; CA A62903)

808 P2d 99

Fred A. Granata, Portland, argued the cause and filed the briefs for appellant.

Howard R. Hedrick, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff brought this action for rescission of a land sale contract that provided for attorney fees to the prevailing party.[1] She did not allege a right to attorney fees in her original complaint; however, defendant, in his answer asserted a counterclaim for attorney fees under the contract. In her reply, plaintiff sought to have the counterclaim dismissed, because an attorney fees provision is inapplicable in an action to rescind the underlying contract. *Bodenhamer v. Patterson,* 278 Or 367, 378, 563 P2d 1212 (1977).[2]

■　　On the second day of the trial to the court, plaintiff moved to amend her complaint to include a claim for reformation. The court deferred its ruling. After trial, the court allowed the motion to amend and found for plaintiff on the reformation claim. After her motion for attorney fees was denied because she had not pleaded them, ORCP 68C(2),[3] the court, pursuant to ORCP 23A and ORCP 23C, and over defendant's objection, granted her motion to amend her complaint to allege entitlement to attorney fees on the reformation claim. Final judgment was then entered, including $7,710 for attorney fees.[4] The only issue on appeal is whether the court erred in allowing the second amendment.

Defendant claims that he was prejudiced by the amendment after trial to plead entitlement to attorney fees. He contends that he did not have "an opportunity, prior to trial, to evaluate the entirety of plaintiff's claim so as to be

---

[1] The attorney fee provision reads:

"In case suit or action is instituted to foreclose this contract or to enforce any provision hereof, the losing party in said suit or action agrees to pay such sum as the trial court may adjudge reasonable as attorney's fees to be allowed the prevailing party in said suit or action and if an appeal is taken from any judgment or decree of such trial court, the losing party further promises to pay such sum as the appellate court shall adjudge reasonable as the prevailing party's attorney's fees on such appeal."

[2] The court did not dismiss defendant's counterclaim, and the case went to trial on the claims pleaded.

[3] ORCP 68C(2) provides:

"A party seeking attorney fees shall assert the right to recover such fees by alleging the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party. * * * No attorney fees shall be awarded unless a right to recover such fees is asserted as provided in this subsection."

[4] Defendant does not challenge plaintiff's substantive right to the fees.

fully informed on whether or not to settle." However, plaintiff was not entitled to attorney fees under the complaint on which she went to trial. It was not until the court allowed her to amend her complaint to state a claim for reformation and to enforce the contract, as reformed, that she had a right to claim attorney fees, and that occurred *after* trial. Defendant does not assign error to the court's allowing the amendment to plead reformation. Therefore, the prejudice that defendant claims could not have resulted from the later amendment to plead a claim for attorney fees. Even if plaintiff had included the necessary attorney fee allegation when she amended her complaint to claim reformation, defendant could not have settled that claim *before* trial. Furthermore, defendant was not surprised by the contract provision; he had counterclaimed for attorney fees under the contract, and the contract was in evidence. *Horn v. Lieuallen Land and Livestock Corp.,* 69 Or App 285, 288, 684 P2d 1246, *rev den* 297 Or 824 (1984).

■        Leave to amend pleadings "shall be freely given when justice so requires." ORCP 23A. The trial court has broad discretion in determining whether to allow an amendment, and we review only for abuse of that discretion. *Benj. Franklin Fed. Savings and Loan v. Phillips,* 88 Or App 354, 745 P2d 437 (1987). There is nothing in ORCP 68C to suggest that the rule cannot be satisfied by an amendment. *Benj. Franklin Fed. Savings and Loan v. Phillips, supra,* 88 Or App at 357. Because defendant was not prejudiced as he claims, the trial court acted within its discretion in granting plaintiff's motion to amend.[5]

Affirmed.

---

[5] Defendant relies on *Haworth v. Dschaak,* 92 Or App 154, 757 P2d 450 (1988), in which we affirmed the denial of a motion to amend to allege a claim for attorney fees after trial. We relied on *Dept. of Human Resources v. Strasser,* 83 Or App 361, 732 P2d 38 (1987), which we then declined to overrule. In a later case, we expressly overruled *Strasser. Attaway, Inc. v. Saffer,* 95 Or App 481, 486, 770 P2d 596, *rev den* 308 Or 184 (1989).