Argued and submitted May 22, 1985, affirmed in part, reversed in part and remanded
March 26, 1986

## KOFOID,
*Appellant,*

*v.*

## WOODARD HOTELS, INC. et al,
*Respondents.*

(16-82-03865; CA A32493)

716 P2d 771

Susan R. Pease, Eugene, argued the cause and filed the briefs for appellant.

William H. Martin, Eugene, argued the cause for respondents. With him on the brief was Gleaves, Swearingen, Larsen & Potter, Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Plaintiff Kofoid brought this action for employment discrimination, ORS 659.121,[1] wrongful discharge and intentional infliction of emotional distress.[2] The trial court granted defendants' motion to strike the allegations of wrongful discharge and granted judgment on the pleadings on the claim of intentional infliction of emotional distress. Both rulings were premised on the theory that the two common law tort claims are preempted by the statutory remedies for employment discrimination. The trial court also dismissed the statutory discrimination claim and entered judgment for defendant after finding, on the merits, that plaintiff had not shown that she was fired because of her gender or that the stated reason for her dismissal was a pretext. Plaintiff appeals each of these rulings.

On *de novo* review, we find the significant facts to be these. Plaintiff was fired from her employment as a waitress at the Village Green Restaurant for alleged dishonesty in billing guests. The restaurant's tipping policy with respect to two banquet rooms was unclear. The general rule seemed to be that guests who were served in those rooms were automatically charged a 15 percent gratuity. There was no consistent policy as to who would add the tip to the bill. It apparently was done by either the cashier or the serving staff. There was an absolute policy that no tip was to be added to a guest's bill after the bill had been presented or after the guest had left the restaurant. Plaintiff was aware of that policy from a previous experience.

On the night of September 26, 1981, plaintiff and Allen were waiting on tables in the two banquet rooms. Plaintiff added a 15 percent gratuity to one group's bill before presenting it. The group in the other banquet room paid on separate tickets, and plaintiff added tips to two guests' bills after they had left the restaurant. Both of those guests had

---

[1] ORS 659.121(1) provides:

"Any person claiming to be aggrieved by an unlawful employment practice * * * may file a civil suit in circuit court for injunctive relief and the court may order such other equitable relief as may be appropriate * * *."

[2] Plaintiff Allen was dismissed from the case voluntarily, on stipulation, after the filing of an answer.

billed their dinners to their rooms and discovered the addition when they paid their room bills the next day. Plaintiff's co-worker had spilled a glass of beer on one of the guests during dinner. Defendant Koeppel, Village Green's general manager, stated that he had considered all three of the incidents in deciding whether to fire plaintiff but that plaintiff's conduct in adding tips to bills after the guests had left the restaurant played the strongest role in his decision. Plaintiff asserts that the circumstances arose because of her confusion over the restaurant's tipping policy and that she was fired as the result of a scheme to eliminate women from the dining room serving staff.

■    Plaintiff first assigns as error the granting of the motion to strike the allegations of wrongful discharge and the related allegations of damages. The trial court struck the allegations after determining that a common law action for wrongful discharge based on sex is preempted by ORS 659.121, which provides for relief in cases of employment discrimination because of sex.[3] We disagree with the trial court's reasoning but affirm its decision on this claim on another ground. The Supreme Court's opinion in *Holien v. Sears, Roebuck and Co.,* 298 Or 76, 689 P2d 1292 (1984), leaves little room for concluding that the statutory remedies for employment discrimination preclude prosecution of a tort action for wrongful discharge. The court's analysis of the legislative history is thorough and need not be detailed here. We emphasize that the court was careful in *Holien* to determine first, independently of the adequacy of the statutory remedy, that the plaintiff in fact *had* a common law action for wrongful discharge.

■    The court relied especially on *Delaney v. Taco Time Int'l,* 297 Or 10, 681 P2d 114 (1984), which purports to delineate three categories of wrongful discharge cases. In all three categories, the first element is that the employer's socially undesirable motive in firing the plaintiff permits disregard of the rule of "at will" employment so as to enable the plaintiff to bring an action for damages. *Nees v. Hocks,* 272 Or 210, 536 P2d 512 (1975). In the first category, as illustrated by *Nees,* the plaintiff has a common law action for wrongful

---

[3] The statutorily provided remedies, however, do not provide all the relief that is available if plaintiff has a common law cause of action.

discharge if she was fired for fulfilling a societal obligation, such as taking time off work for jury duty. The second category gives a right of action to a plaintiff who was discharged for pursuing private statutory rights related to the plaintiff's role as an employe and of important public interest, such as the right to file a workers' compensation claim, *Brown v. Transcon Lines,* 284 Or 597, 588 P2d 1087 (1978), or the right to resist sexual harassment. *Holien v. Sears, Roebuck and Co., supra.* The third category is really a restriction of the other two and provides that no common law action exists if a statutory remedy already adequately protects the interests of society. *Walsh v. Consolidated Freightways,* 278 Or 347, 563 P2d 1025 (1977).

In *Holien,* the plaintiff was discharged for resisting sexual harassment. The court concluded that, although the employer's conduct in harassing the plaintiff and in firing her for resisting that harassment was actionable under the employment discrimination statutes, she also had a common law action for wrongful discharge under the second category described in *Delaney,* because she was fired for exercising a right related to her role as an employe and one of important public interest—the right to resist sexual harassment.

Plaintiff here attempts to find a parallel between this case and *Holien,* but the analogy does not work. It scarcely need be said that defendant's alleged motive of eliminating women from the dining room serving staff is socially undesirable and offends an important public interest. Yet, an element necessary to give plaintiff a common law action is missing. Taking the facts as pleaded to be true, plaintiff was not fired for pursuing a private right, but because she is a female. Although we are not prepared to say that a common law action for wrongful discharge exists only when the discharge is in retaliation for an employe's conduct, the Supreme Court has simply not delineated a basis for an action when the only claimed discriminatory basis for the discharge is the plaintiff's sex. A discharge because of sex is not within any of the "pursuance of rights or obligations" exceptions to the rule of "at will" discharge, and it is clear that the Supreme Court has not yet recognized common law actions for wrongful discharge other than those exceptions. *Delaney v. Taco Time Int'l supra; Holien v. Sears, Roebuck and Co., supra.* In all other cases, the

statutory action is the only remedy, in addition to the administrative complaint procedure available through the Bureau of Labor.

■ Plaintiff's second assignment is that the trial court erred in granting judgment on the pleadings on the claim of intentional infliction of emotional distress. The trial court also based that ruling on the premise that a common law claim for intentional infliction of emotional distress is preempted by the statutory provisions relating to relief from employment discrimination. That was error.

In *Carsner v. Freightliner Corp.,* 69 Or App 666, 688 P2d 398, *rev den* 298 Or 334 (1984), we held that a common law claim of intentional infliction of emotional distress resulting from a wrongful discharge is *not* precluded simply because the defendant's conduct might also have violated a statute designed to protect against employment discrimination. Plaintiff is not precluded by a statute from bringing an action for intentional infliction of emotional distress.

■ At oral argument, defendants for the first time challenged the sufficiency of the pleadings, arguing that plaintiff has failed to state a claim for intentional infliction of emotional distress. The conduct alleged as the basis of the claim is the same conduct relied on for the statutory employment discrimination claim. The only additional allegations are conclusory ones that defendants' conduct was outrageous, that they acted with malice and an intent to injure and that plaintiff suffered extreme emotional distress as a result.

■■ Although the complaint may have been subject to a motion to make it more definite and certain, at this juncture we are not prepared to say as a matter of law that the conduct alleged did not extend "beyond the farthest reaches of socially tolerable behavior." *Hall v. The May Dept. Stores,* 292 Or 131, 137, 637 P2d 126 (1981). When the sufficiency of a complaint is challenged for the first time on appeal, we assume that the plaintiff will be able to offer proof to sustain the conclusory allegations. The rule is different when a motion to dismiss for failure to state a claim is sustained in the trial court and the pleader refuses to replead; in such cases, we assume that the pleader has pled the strongest possible case. *Mezyk v. Nat'l Repossessions,* 241 Or 333, 405 P2d 840 (1965).

■ Plaintiff's third assignment is that the trial court erred in dismissing with prejudice plaintiff's statutory claim of employment discrimination, because it failed to inquire into whether defendants' stated reasons for the firing were pretextual. A statutory claim for employment discrimination is in equity, ORS 659.121, and we review *de novo. Armstrong v. Lovelace,* 285 Or 313, 560 P2d 1231 (1979).

■ ■ The parties agree that plaintiff made a *prima facie* case of sex discrimination and that defendants showed legitimate, nondiscriminatory reasons for the discharge. They frame the question before us as a narrow one of whether defendants' stated reason for the firing was mere "pretext." We see the case as presenting the more general issue of whether the evidence as a whole supports plaintiff's theory of the reason for the discharge. If the trier of fact declines to believe that an employer's stated nondiscriminatory reason was the true reason for the discharge, that is the equivalent of finding that the stated reason was pretextual. That is not the same, however, as finding that the employe was discharged for the claimed discriminatory reason. The evidence must still convince the trier of fact that the employer's decision to fire was discriminatory. *City of Portland v. Bureau of Labor and Ind.,* 298 Or 104, 116, 690 P2d 475 (1984); *see Vaughn v. Pacific Northwest Bell Telephone,* 289 Or 73, 91-92, 611 P2d 281 (1980). Although there is some evidence that defendants Koeppel and Hermsen desired to eliminate women from the dining room serving staff, on *de novo* review we find that there is no evidence that that desire, in fact, played any part in the decision to fire plaintiff. There were *bona fide* non-discriminatory reasons for the discharge, and we are not persuaded that plaintiff's gender played any role in the decision.[4]

Reversed and remanded for further proceedings on the claim for intentional infliction of emotional distress; otherwise affirmed.

---

[4] Plaintiff argues for the first time on appeal that it was defendant's burden to show that the reason for the firing was not discriminatory. This case was pleaded and tried as if plaintiff had that burden, and no objection to that procedure was raised below. In any event, although our review is *de novo* on appeal, there is no real issue as to who had the burden to produce the evidence. We simply review the record as a whole and decide the case on the basis of a preponderance of the evidence, without consideration of who had the burden to produce the evidence below.