Lucy G. MESSER Plaintiff,

v.

**PORTLAND ADVENTIST MEDICAL CENTER, a non-profit Oregon corporation, Defendant.**

Civ. No. 88–655–MA.

United States District Court,
D. Oregon.

Jan. 6, 1989.

**450**

Margaretta Eakin, Portland, Or., for plaintiff.

Lisa C. Brown, Kell, Alterman & Runstein, Portland, Or., Jeffrey A. Berman, Proskauer, Rose, Goetz & Mendelsohn, Los Angeles, Cal., for defendant.

MARSH, District Judge.

This action arises out of an employment relationship between plaintiff and defendant Portland Adventist Medical Center. Plaintiff alleges that after working for defendant for over thirteen years, she was wrongfully discharged in violation of an express and implied employment contract; covenants of good faith and fair dealing therein; 42 U.S.C. § 1981; ORS 659.030 and 659.410; and for socially undesirable reasons. Defendant moves to dismiss for failure to state a claim and lack of subject matter jurisdiction. For the reasons set forth below, defendant's motion is granted in part and denied in part.

STANDARDS

Dismissal for failure to state a claim is proper only when it appears to a certainty that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Litchfield v. Spielberg*, 736 F.2d 1352, 1357 (9th Cir.1984) *cert. denied* 470 U.S. 1052, 105 S.Ct. 1753, 84 L.Ed.2d 817 (1985). For the purpose of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff, and its allegations are taken as true. *Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328, 1332 (9th Cir.1987).

DISCUSSION

Plaintiff is a filipino, catholic woman. She was employed by defendant from January 1, 1975 to February 12, 1988. Plaintiff was initially hired as a physical therapy aide and advanced to the position of receptionist/secretary II in 1985.

1. *Breach of Contract*

■ Plaintiff contends that she had an employment contract with defendant which included, *inter alia*, promises that (1) she would be terminated only for good cause

and prior notice; (2) she would be given fair and equitable treatment; (3) seniority would govern layoffs if skill, ability and physical fitness were equal; and (4) she would receive reasonable written notice of any deficiencies in her work performance.

Plaintiff contends that defendant breached her employment contract by, among other things, terminating her employment without just cause, in violation of her seniority rights, and without notice. In addition, plaintiff alleges that she was deprived of vested retirement benefits and in-service training and education.

Defendant moves to dismiss this claim on the basis that plaintiff failed to attach or quote the relevant provisions of the alleged contract. Defendant asserts that absent an express contract or statute, plaintiff is an "at will" employee. Defendant also moves to dismiss each particular alleged breach on the basis that there is no specific contractual provision tied to the alleged conduct.

It is well established that absent some contrary agreement, an employee may be discharged for any reason and at any time. *Lewis v. Oregon Beauty Supply Co.*, 302 Or. 616, 620, 733 P.2d 430 (1987); *Yartzoff v. Democrat–Herald Publishing Co., Inc.*, 281 Or. 651, 655, 576 P.2d 356 (1978). It is equally well established, however, that employee handbooks and/or written personnel policies may be intended and considered to be part of the terms of an employee's contract of employment. *Yartzoff*, 281 Or. at 656, 576 P.2d 356.

Defendant's primary contention is that plaintiff's breach of contract claim must fail due to plaintiff's failure to attach to the complaint the employee handbook and policy manuals relied upon. I disagree. Under federal pleading rules, plaintiff need only set forth a short and plain statement of the claim showing that she is entitled to relief. Fed.R.Civ.P. 8(a).

■ I do agree, however, that several of plaintiff's allegations in paragraph 14 of the complaint fail to support a claim for

breach of contract based on plaintiff's termination and should be stricken.

It must first be noted, that plaintiff's claim is that her *termination* breached her employment contract in several respects. (Complaint, paragraph 14). Consequently, any actions which occurred before or after her termination and which are unrelated to the termination itself are not relevant to this claim.[1] With this in mind, the following paragraphs are stricken.

Paragraph 14C, concerning whether plaintiff received equal "in-service training" and paragraph 14H regarding the subsequent change in her job description are irrelevant to her allegation that the termination itself violated her employment contract.

Similarly, paragraph 14G, to the extent that it alleges plaintiff was replaced by a Seventh–Day Adventist, and paragraph 14J, alleging that the reasons asserted for her discharge were pretextual, while perhaps relevant to a discrimination charge, do not support plaintiff's breach of contract claim. Finally, paragraph 14I, regarding her request to be returned to her former job position, while perhaps relevant to the issue of mitigation, does not support plaintiff's breach of contract claim.

For the foregoing reasons, paragraphs 14C, H, I, and J are stricken in their entirety. Paragraph 14G is stricken to the extent that it alleges that plaintiff was replaced by a Seventh–Day Adventist.

## 2. *Breach of Implied Covenant of Good Faith*

Plaintiff contends that her employment contract with defendant included an implied covenant of good faith and fair dealing that she would be discharged only for good cause and after reasonable notice, and that neither party would do anything to injure the rights of the other to receive the benefits and fruits of the agreement. Plaintiff contends that defendant breached this implied covenant by terminating her employment without cause, without reasonable no-

tice, and for the purpose of depriving her of retirement and other benefits.

■ There is an implied duty of good faith and fair dealing in every contract. *Comini v. Union Oil Co.,* 277 Or. 753, 756, 562 P.2d 175 (1977). The duty requires that neither party engage in any act that will destroy or injure the right of the other to receive the benefits of the contract. *Perkins v. Standard Oil Co.,* 235 Or. 7, 16, 383 P.2d 107 (1963). Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party. *Best v. United States Nat'l Bank of Oregon,* 303 Or. 557, 562–63, 739 P.2d 554 (1987) (*quoting* Restatement (Second) of Contracts § 205 comment a (1979)).

In *Best,* the court elaborated on the meaning of the duty of good faith and fair dealing in the employment context:

> [T]he parties to an employment contract generally contemplate that an employer may use its discretion to fire an at-will employee if the employer is dissatisfied with the employee's performance or if the employee's services are no longer required. The parties do not ordinarily contemplate, however, that the employer may fire the employee in order to deprive the employee of benefits to which the employee would otherwise have become entitled if the employment continued. An employer who does the latter breaches its obligation to perform in good faith.

*Id.* 303 Or. at 564, 739 P.2d 554.

■ Plaintiff has adequately alleged under the reasoning in *Best* that she was fired in order to deprive her of retirement benefits to which she would have become entitled if her employment continued. Plaintiff's allegations regarding an implied covenant that she would be discharged only for cause and with notice (paragraph 18a and b), however, do not support this claim. *See Best,* 303 Or. at 564, 739 P.2d 554; *Lewis,* 302 Or. 620, 733 P.2d 430 (absent

1. This court expresses no opinion as to whether plaintiff could plead separate claims for the conduct complained of.

contrary agreement, employee may be discharged at will). Accordingly, defendant's motion to dismiss this claim is denied except to the extent that paragraphs 18a and b are stricken.

In addition, defendant's motion to strike plaintiff's claim for punitive damages is granted. *See Yartzoff,* 281 Or. at 659 n. 1, 576 P.2d 356 (punitive damages properly struck from breach of contract claim under allegations of complaint); *Weaver v. Austin,* 184 Or. 586, 600, 200 P.2d 593 (1948) (punitives ordinarily not allowed in contract action); *But cf. Adams v. Carter Well Drilling, Inc.,* 276 Or. 789, 794, 556 P.2d 679 (1976) (punitives allowed in a money had and received action where facts showed defendant acted in tortious manner).

### 3. *Wrongful Discharge*

A. Termination due to filing of workers compensation claims

■ Plaintiff alleges that in 1979, she suffered an injury compensable under the Workers Compensation Laws of Oregon. As a result of the injury, she filed a workers compensation claim and subsequently received benefits. Plaintiff suffered additional injuries and filed additional claims for workers compensation benefits in 1983 and 1986.

Plaintiff concludes that her termination was for one or more of the following reasons: (1) because plaintiff filed claims for workers compensation benefits; (2) because of plaintiff's race, national origin and/or religion; and (3) for the purpose of depriving plaintiff of retirement and other benefits.

Defendant moves to dismiss this claim on the basis that plaintiff was an employee at will and that her claim does not fit within the recognized exceptions to the employment at will doctrine.

In *Nees v. Hocks,* 272 Or. 210, 536 P.2d 512 (1975), the Oregon Supreme Court first recognized the common law tort of wrongful discharge. In so doing, the court held that an action would lie when "the employer's reason or motive for discharging

harms or interferes with an important interest of the community." *Id.* at 216, 536 P.2d 512. The court concluded that the community's interest in having citizens serve on juries was sufficiently great that an employer should not be allowed to discharge an employee solely for refusing to ask to be excused from jury duty. *Id.* at 219, 536 P.2d 512.

In *Walsh v. Consolidated Freightways,* 278 Or. 347, 563 P.2d 1205 (1977), the court appeared to restrict the tort of wrongful discharge to situations not adequately covered by statute. Noting that a federal statute protected plaintiff's conduct, the court stated:

> We feel that existing remedies are adequate to protect both the interests of society in maintaining safe working conditions and the interests of employees who are discharged for complaining about safety and health problems. We also note that ORS 654.062(5) now provides a similar remedy under state law although, admittedly, these provisions were not in effect at the time of the conduct in question. Therefore, we find it unnecessary to extend an additional tort remedy to cover this situation.

*Id.* at 352–53, 563 P.2d 1205.

That same year, however, the court held in *Brown v. Transcon Lines,* 284 Or. 597, 588 P.2d 1087 (1978), that "the discharge of an employee by his employer for the filing of a claim for workers compensation is a discharge for such a 'socially undesirable motive' as to come within the rule as stated in *Nees*" despite the existence of a statute prohibiting the same conduct. *Id.* at 603, 588 P.2d 1087. Contrary to its decision in *Walsh,* the *Brown* Court extensively addressed the issue of whether by the enactment of the relevant statute (ORS chapter 659), the Oregon Legislature intended to abolish plaintiff's common law remedy.

The *Brown* Court concluded that in order to correctly decide the issue, it must examine "the legislative history of the Oregon statutes relating to the enforcement of civil rights and to unlawful employment practices." *Id.* at 604–05, 588 P.2d 1087. The court held that the statute, as of July 1,

1975, was not exclusive nor intended to abolish plaintiff's common law claim. In dictum, however, the court recognized that the subsequent 1977 amendment creating a statutory right to injunctive and equitable relief *may* alter this finding:

[I]t may well be that we would conclude that the provisions of ORS ch 659, as they now exist subsequent to the amendments enacted by the Oregon legislature in 1977 ... not only provide adequate remedies to an employee such as plaintiff, but, by necessary implication, show a legislative intent to abrogate or supersede any previously existing common law remedy for damages, even though the legislature might not then have been aware of the existence of such a remedy.

*Id.* at 610–611, 588 P.2d 1087.

The *Brown* Court went on to state that it did not believe that its decision was inconsistent with its decision in *Walsh* because in *Walsh* the court had concluded that the statutory remedies were adequate.

In *Holien v. Sears, Roebuck and Co.,* 298 Or. 76, 689 P.2d 1292 (1984), the court once again was faced with the issue of whether ORS Chapter 659, as amended, precluded a common law action for wrongful discharge. In that case, the plaintiff brought a claim under ORS Chapter 659, alleging sexual harassment and a claim for wrongful discharge, alleging that she was discharged for resisting the unlawful sexual harassment. The Court held that the plaintiff had a valid common law claim that was not precluded by statute. In so doing, the Court examined the legislative history of ORS Chapter 659, including the 1977 amendment, concluding that it showed no legislative intent to abrogate or supersede any common law remedy for damages.

The issue presently before this court is whether the further amendments in 1987 "demonstrate the legislature's intent not only to provide what it considered to be adequate remedies to an employe such as plaintiff, but by implication show a legislative intent to abrogate or supersede any common law remedy for damages." *Holien,* 298 Or. at 90–91, 689 P.2d 1292.

An important distinction must first be noted in evaluating the statutory relief available to employees and in determining legislative intent. The relief available to an employee varies considerably as to whether the unlawful employment practice complained of falls under ORS 659.121(1) or 659.121(2). The statute presently provides:

(1) Any person claiming to be aggrieved by an unlawful employment practice prohibited by ORS 659.030, 659.035, 659.227, 659.270, 659.659.295, 659.330, 659.340, 659.410, 659.415, 659.420 or 659.425 may file a civil suit in circuit court for injunctive relief and the court may order such other equitable relief as may be appropriate including but not limited to reinstatement or the hiring of employes with or without back pay.  * * *

(2) Any person claiming to be aggrieved by alleged violations of ORS 659.033(1) or (2) or *659.400 to 659.435* may file a civil action in circuit court to recover compensatory damages or $200, whichever is greater, and punitive damages not to exceed $2,500. *At the request of any party the trial of such case shall be by jury. In addition to the relief which the court is authorized to award under subsection (1) of this section* the court may *also* provide such equitable relief as it deems appropriate. In any action brought under this subsection, the court may allow the prevailing party costs and reasonable attorney fees at trial and on appeal. *Any attorney fee agreement shall be subject to approval by the court.*

The underlined portions of subsection 2 above indicate the 1987 amendments. 1987 Or.Laws Chap. 822. ORS 659.410, which was added to subsection 2, prohibits discrimination against employees applying for workers compensation benefits. Thus, subsection 2 is applicable to this case, as distinguished from the much more limited subsection 1 which was applicable in *Holien.* The inquiry then, is what was the legislative intent in adding ORS 659.410 to subsection 2 and in granting the right to a jury.

Having reviewed the legislative history, and in light of the comprehensive nature of the legal and equitable remedies provided

under ORS 659.121(2), I conclude that the legislature intended that the remedies be exclusive. *See Holien*, 298 Or. at 97, 101, 689 P.2d 1292 (Justice Linde, concurring). Accordingly, plaintiff's claim for wrongful discharge, based on the pursuance of workers compensation claims, is dismissed.

**B. Termination due to race, national origin and/or religion**

■ Plaintiff's allegation that she was discharged due to her race, national origin or religion fails to state a claim for wrongful discharge. The deficiency of this allegation is aptly explained in *Kofoid v. Woodard Hotels, Inc.*, 78 Or.App. 283, 716 P.2d 771 (1986). In that case, the plaintiff alleged that she was wrongfully discharged because she was a woman. The court held that her common law claim was subject to a motion to strike as it did not constitute a claim that would qualify under *Delaney* [*v. Taco Time Int'l*, 297 Or. 10, 681 P.2d 114 (1984)]. In so doing, the court explained:

> It scarcely need be said that defendant's alleged motive of eliminating women from the dining room serving staff is socially undesirable and offends an important public interest. Yet, an element necessary to give plaintiff a common law action is missing. Taking the facts as pleaded to be true, plaintiff was not fired for pursuing a private right, but because she is female.... A discharge because of sex is not within any of the "pursuance of rights or obligations" exceptions to the rule of "at will" discharge, and it is clear that the Supreme Court has not yet recognized common law actions for wrongful discharge other than those exceptions [set forth in *Delaney*].

78 Or.App. at 287–88, 716 P.2d 771.

Thus, although plaintiff may be correct that it is offensive to public policy to allow an employer to fire an employee because of her race, national origin or religion, she nevertheless has not alleged the elements of a common law claim for wrongful discharge.

**C. Termination for purpose of depriving plaintiff of retirement benefits**

■ For the same reasons as noted under subsection 3b, this claim is stricken due to its failure to fit within one of the exceptions to the at will doctrine set forth in *Delaney*. Accordingly, claim three is dismissed in its entirety.

**4. *Section 1981***

■ Plaintiff contends that defendant's conduct amounts to discrimination based on race in violation of 42 U.S.C. § 1981. Defendant moves to dismiss on the basis that plaintiff has failed to plead intentional discrimination.

It is well established that in order to recover under § 1981, a plaintiff must plead and prove intentional race discrimination. *General Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 388, 102 S.Ct. 3141, 3148, 73 L.Ed.2d 835 (1982). At the oral argument of defendant's motion, plaintiff's counsel conceded that the § 1981 claim should be repled to allege intentional discrimination. Accordingly, defendant's motion to dismiss this claim is granted.

**5. *ORS 659.121***

■ Plaintiff's final claim for relief is pursuant to ORS 659.121(2), quoted above. Defendant moves to dismiss this claim on the basis that the statute expressly requires that an action under the statute be filed in "circuit court." Thus, defendant argues this court lacks subject matter jurisdiction. Moreover, defendant seeks to strike the claim for "extreme emotional distress" on the basis that such damage is not recoverable under the statute.

While defendant raises an interesting jurisdictional argument, albeit without authority, I conclude that this court's pendent jurisdiction supports subject matter jurisdiction over plaintiff's statutory claim. Further, defendant's motion to strike plaintiff's claim for emotional distress damages is denied based on plaintiff's statutory right to recover compensatory relief under ORS 659.121(2).

**CONCLUSION**

Defendant's motion to dismiss is granted in part and denied in part as follows:

granted as to claim one to the extent that paragraphs 14C, H, I, and J are stricken in their entirety and paragraph 14G is stricken as to the allegation that plaintiff was replaced by a Seventh–Day Adventist; granted as to claim two to the extent that paragraphs 18a and b are stricken; granted as to claims three and four; and denied as to claim five.

Plaintiff may file an amended pleading within 10 days of this opinion and order.