Argued and submitted June 15, affirmed August 29, reconsideration denied
October 31, petition for review denied November 20, 1990 (310 Or 612)

Judi CROSS,
*Appellant,*

*v.*

Michael EASTLUND
and Big Daddy's Auto Parts, Inc.,
*Respondents.*

(88C-10135; CA A60746)

796 P2d 1214

Patricia Campbell, Salem, argued the cause for appellant. On the briefs was Taisto A. Pesola, Salem.

Michael Lee McDonough, Salem, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this wrongful discharge action against her former employers, alleging that they discharged her "for the reason that Plaintiff was pregnant." The trial court granted defendants' motion to dismiss the complaint for failure to state a claim and entered judgment for defendants. Plaintiff appeals, and we affirm.

In *Kofoid v. Woodard Hotels, Inc.,* 78 Or App 283, 716 P2d 771 (1986), we affirmed the trial court's dismissal of a wrongful discharge claim in which the plaintiff alleged that she was discharged on the basis of sex. We said:

"In *Holien [v. Sears, Roebuck and Co.,* 298 Or 76, 689 P2d 1292 (1984)], the plaintiff was discharged for resisting sexual harassment. The court concluded that, although the employer's conduct in harassing the plaintiff and in firing her for resisting that harassment was actionable under the employment discrimination statutes, she also had a common law action for wrongful discharge under the second category described in *Delaney [v. Taco Time Int'l.,* 297 Or 10, 681 P2d 114 (1984)], because she was fired for exercising a right related to her role as an employe and one of important public interest —the right to resist sexual harassment.

"Plaintiff here attempts to find a parallel between this case and *Holien,* but the analogy does not work. It scarcely need be said that defendant's alleged motive of eliminating women from the dining room serving staff is socially undesirable and offends an important public interest. Yet, an element necessary to give plaintiff a common law action is missing. Taking the facts as pleaded to be true, plaintiff was not fired for pursuing a private right, but because she is a female. Although we are not prepared to say that a common law action for wrongful discharge exists only when the discharge is in retaliation for an employe's conduct, the Supreme Court has simply not delineated a basis for an action when the only claimed discriminatory basis for the discharge is the plaintiff's sex. A discharge because of sex is not within any of the 'pursuance of rights or obligations' exceptions to the rule of 'at will' discharge, and it is clear that the Supreme Court has not yet recognized common law actions for wrongful discharge other than those exceptions. *Delaney v. Taco Time Int'l., supra; Holien v. Sears, Roebuck and Co., supra.* In all other cases, the statutory action is the only remedy, in addition to

the administrative complaint procedure available through the Bureau of Labor." 78 Or App at 287-88.[1]

In *Kofoid,* we distinguished between discharges that violate the statutory right against discrimination and discharges that result from an employee's resistance to discrimination or other conduct aimed at vindicating the statutory right. In the first case, there is no common law right of action, but in the second there can be. Although the distinction appears thin, we understand it to be required by the definition in *Delaney v. Taco Time Int'l.,* 297 Or 10, 15-16, 681 P2d 114 (1984), of the "second category" of exceptions to the rule of at will employment and discharge: An employee has a claim for wrongful discharge if she is fired for *pursuing* a statutory right related to her role as an employee. In *Holien v. Sears, Roebuck and Co.,* 298 Or 76, 689 P2d 1292 (1984), the court seems to have made it clearer that the "pursuit" formulation in *Delaney* was not a mere accident of word choice. It said:

"Following the rationale of the second category of *Delaney,* it is not the supervisor's demand, or discriminatory sexual harassment, for which plaintiff seeks common law tort damages; it is for a tortious discharge following her rightful resistance to those demands or harassment." 298 Or at 90.[2]

A discharge because of pregnancy is a discharge "because of sex," ORS 659.029, and is an unlawful act of sex discrimination under ORS 659.030. Plaintiff does not assert that she pursued any right, but only that she was discharged in violation of a right. If the distinction between the two is not viable, or is one that, notwithstanding its language, the Supreme Court did not intend to make in *Holien* and *Delaney,*

---

[1] Our reasoning in *Kofoid* is not affected by the subsequent amendments to ORS chapter 659.

[2] The court also concluded that the statutory remedies under ORS chapter 659 did not preclude the common law action. In his concurring opinion, Judge Linde agreed, but he emphasized:

"If plaintiff's tort claim were one for 'discriminatory discharge,' that is to say, if her claim were that she was discharged by reason of her sex, there would be serious doubt that the remedies for employment discrimination enacted by the legislature leave room for an action for damages or that the common law would recognize it. But this plaintiff's case does not hinge on showing that her employer, Sears, Roebuck and Co., discharged her by reason of her sex. Her case depends on showing that Sears discharged her for exercising a legal right to resist a supervisor's sexual advances, which is a very different thing." 298 Or at 100.

it is for that court to say so. Under those cases and our interpretation of them in *Kofoid v. Woodard Hotels, Inc., supra,* plaintiff does not have a common law wrongful discharge claim.

■ Plaintiff also argues that the trial court erred by not allowing her to replead after it dismissed her second amended complaint. She contends that she could have stated a claim for intentional infliction of emotional distress, although she did not attempt to do so in her first three complaints. The court did not abuse its discretion.

Affirmed.