Argued and submitted March 24, reversed and remanded May 25, 1994

## Julie Lee GOODLETTE,
*Appellant,*

*v.*

## LTM, INCORPORATED,
dba Lininger Tru-Mix,
*Respondent.*

(92-2068-L-3; CA A80590)

874 P2d 1354

Sandra Sawyer argued the cause and filed the briefs for appellant.

James A. Wallan argued the cause for respondent. With him on the brief was Cowling & Heysell.

Before Warren, Presiding Judge, Richardson, Chief Judge, and Landau, Judge.

RICHARDSON, C. J.

### RICHARDSON, C. J.

Plaintiff appeals the summary judgment for defendant in this wrongful discharge action. We reverse.

Plaintiff alleged that defendant, her employer, had a policy against hiring women to work in its higher job classifications. After plaintiff had worked for defendant for two years and had "acquired skill and experience" to qualify her for those classifications, she requested promotion and "[d]efendant ignored her requests." She alleged further that, "in direct response to plaintiff's requests * * * and in retaliation for plaintiff's pursuing her right to be gainfully employed without suffering discrimination because of her sex," defendant laid her off, and has not reinstated her.

Although defendant described its motion as one for summary judgment, its showing below and its argument here is essentially that plaintiff cannot state a claim, because Oregon recognizes no common law "wrongful discharge [action] for resisting discrimination because of sex." Rather, according to defendant, the statutory remedy under ORS chapter 659 is exclusive.[1]

Plaintiff relies principally on *Cross v. Eastlund*, 103 Or App 138, 796 P2d 1214, *rev den* 310 Or 612 (1990), where the plaintiff brought a wrongful discharge action, alleging that she was fired, in violation of ORS 659.030, because she was pregnant. We held that the plaintiff had failed to state a wrongful discharge claim. We discussed *Holien v. Sears, Roebuck and Co.*, 298 Or 76, 689 P2d 1292 (1984), *Delaney v. Taco Time Int'l.*, 297 Or 10, 681 P2d 114 (1984), and *Kofoid v. Woodard Hotels, Inc.*, 78 Or App 283, 716 P2d 771 (1986), and concluded:

> "In *Kofoid* [*v. Woodard Hotels, Inc.*, 78 Or App 283, 716 P2d 771 (1986)], we distinguished between discharges that violate the statutory right against discrimination and discharges that result from an employee's resistance to discrimination or other conduct aimed at vindicating the statutory right. In the first case, there is no common law right of action,

---

[1] Plaintiff pursued a statutory remedy before the Bureau of Labor and Industries, and received a payment from defendant pursuant to a "pre-determination settlement agreement." Defendant does not argue here that that fact has any dispositive effect on whether the present claim may be asserted.

but in the second there can be. Although the distinction appears thin, we understand it to be required by the definition in *Delaney v. Taco Time Int'l.*, 297 Or 10, 15-16, 681 P2d 114 (1984), of the 'second category' of exceptions to the rule of at will employment and discharge: An employee has a claim for wrongful discharge if she is fired for *pursuing* a statutory right related to her role as an employee. In *Holien v. Sears, Roebuck and Co.*, 298 Or 76, 689 P2d 1292 (1984), the court seems to have made it clearer that the 'pursuit' formulation in *Delaney* was not a mere accident of word choice. It said:

> " 'Following the rationale of the second category of *Delaney*, it is not the supervisor's demand, or discriminatory sexual harassment, for which plaintiff seeks common law tort damages; it is for a tortious discharge following her rightful resistance to those demands or harassment.' 298 Or at 90.

> "A discharge because of pregnancy is a discharge 'because of sex,' ORS 659.029, and is an unlawful act of sex discrimination under ORS 659.030. Plaintiff does not assert that she pursued any right, but only that she was discharged in violation of a right." 103 Or App at 141. (Footnote omitted; emphasis in original.)

Defendant argues that, under *Cross* and the authorities it discusses, a wrongful discharge action may be brought if the gravamen is resistance to sexual *harassment*, but not if the claim is based on resistance to sexual *discrimination*. We do not discern where or why defendant finds that distinction. The distinction *Cross does* identify is between the discriminatory conduct itself, for which only the statutory remedy is available, and the employee's pursuit of the statutory right by resisting the discriminatory conduct. In the latter situation, *Cross* states that the common law tort claim may be asserted. There is no reason why resistance to forms of prohibited discrimination other than harassment should be treated differently from harassment, and the language of *Cross* is quite clear in referring to "resistance to discrimination" generically as a basis for a wrongful discharge action. Defendant's argument seems to rest ultimately on the fact that *Holien*, where the action was held to be available, involved sexual harassment, and *Kofoid*, where no right of action existed, was not a harassment case. Inevitably, there is language in those cases that discusses the availability or unavailability of a

common law action in the context of the factual settings of the cases. However, that coincidence is not a rule of law; the statement in *Cross v. Eastlund, supra,* is.

■ The question that remains is whether plaintiff's complaint alleges that she was discharged for resisting discrimination or whether it simply alleges that she was discharged because of the discrimination itself. Resistance to discrimination in promotion or other terms and conditions of employment may not be as easy to plead or prove as is resistance to harassment, where the incidents and the responses are likely to be more defined or discrete. However, we conclude that the complaint here succeeds in alleging resistance to discrimination. Plaintiff alleges that defendant has a policy against employing women beyond a stated classification; that, notwithstanding the policy, she repeatedly sought promotion into higher classifications; and that, as a direct result of her attempts to be promoted in contravention of the policy, she was laid off. Comparably to *Holien v. Sears, Roebuck and Co., supra,* she does not simply allege that the lay off was based on gender; she also effectively alleges that it was in response to her efforts to be promoted, in resistance to the discriminatory policy. Plaintiff has stated a claim for wrongful discharge, and the court erred by allowing defendant's motion for summary judgment.

It is unnecessary for us to reach plaintiff's remaining assignment.

Reversed and remanded.