Argued and submitted January 24, affirmed July 24, petition for review denied November 26, 1996 (324 Or 394)

HOLMAN ERECTION CO., INC.,
dba Northwestern Steel Construction Co.,
a foreign corporation,
*Appellant,*

*v.*

EMPLOYERS INSURANCE OF WAUSAU,
a foreign mutual insurance company,
*Respondent.*

(9304-02512; CA A85394)

920 P2d 1125

Larry Dawson argued the cause and filed the briefs for appellant.

Lisa E. Lear argued the cause for respondent. With her on the brief were I. Franklin Hunsaker, Douglas G. Houser and Bullivant, Houser, Bailey, Pendergrass & Hoffman.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

■     This is an action by an insured against its insurer. Plaintiff, Northwestern Steel Construction Co. (Northwestern), a construction subcontractor, is seeking recovery against defendant, Employers Insurance of Wausau (Wausau), its comprehensive general liability[1] and workers' compensation insurer, for failing to undertake the defense of two separate lawsuits. First, Wausau refused to accept the tender of defense of *Sorenson v. Mortenson*, an action in which one of Northwestern's own employees sought to recover for personal injuries against Mortenson, the general contractor on one of Northwestern's projects. Second, Wausau refused to accept the tender of defense when Mortenson later sued Northwestern for failing to procure insurance to protect Mortenson. Plaintiff appeals the lower court's judgment for defendant, making eight assignments of error.[2] We write only to address plaintiff's contention that the trial court erred in concluding that defendant did not have a duty to defend Mortenson in the injury action by Northwestern's employee, Sorenson, and did not have a duty to defend Northwestern in the action by Mortenson for failure to procure insurance to protect Mortenson. We affirm.[3]

---

[1] The policy is actually entitled "Commercial General Liability Policy." However, we refer to it here as the "Comprehensive General Liability Policy" for the sake of clarity because that is how the parties referred to it in their subcontract and in their briefs on appeal.

[2] Defendant responds and makes two cross-assignments of error. Because of our disposition, we do not need to reach the issues raised by defendant's cross-assignments.

[3] Plaintiff's assignments of error also encompass adverse rulings on two other theories Northwestern asserted below as grounds for relief: (1) "breach of fiduciary duty" and (2) waiver and estoppel. First, plaintiff's breach of fiduciary duty claim is necessarily predicated on a holding that defendant was contractually obligated to undertake the defense of Sorenson's underlying personal injury lawsuit. *Georgetown Realty v. The Home Ins. Co.*, 313 Or 97, 110-11, 831 P2d 7 (1992). That claim then, is subsumed within our disposition of plaintiff's breach of contract claims under its comprehensive general liability and workers' compensation insurance contracts. Second, plaintiff's waiver and estoppel theories go to the threshold question of whether there is coverage for plaintiff's claims. It is well established that waiver and estoppel cannot be invoked to create coverage or to negate an express exclusion in a policy of insurance. *ABCD...Vision v. Fireman's Fund Ins. Companies*, 304 Or 301, 307, 744 P2d 998 (1987). Therefore, we affirm the lower court's rulings on those questions without further discussion.

The pertinent facts are not disputed. In 1988, Northwestern entered into a construction subcontract with Mortenson regarding work to be performed on the Portland International Airport parking structure. That contract contained an "indemnity" provision under which Northwestern agreed to indemnify Mortenson for any liability that Mortenson might incur for injuries to Northwestern's employees.[4] The subcontract also included a provision that Northwestern would obtain insurance for Mortenson that protected Mortenson from claims for bodily injury or property damage arising out of Northwestern's work.[5] Northwestern failed to procure the bargained for insurance. In October 1988, Northwestern's employee, Sorenson, sustained injuries in a fall on the jobsite. In October 1990, he filed an action against Mortenson to recover damages for his personal injuries. Mortenson tendered defense of the action to Northwestern, which, in turn, tendered the claim to Wausau, its insurer. In a letter dated February 21, 1991, Wausau responded that it intended to deny the claim because Northwestern had not named Mortenson as an additional insured on its liability insurance policy. Wausau notified Mortenson of the decision in a letter dated March 7, 1991. On March 13, 1991, Northwestern's attorney wrote Wausau and informed it that Mortenson demanded a defense in the Sorenson lawsuit based on the indemnity provision in the contract. Ultimately, Wausau engaged the services of a Portland attorney, Folliard, who later recommended that Wausau reject the

---

[4] The contract provided, in part:

"17. INDEMNITY

"17.1 [Plaintiff] agrees to assume entire responsibility and liability for all damages or injury to all persons, whether employees or otherwise, and to all property, including the loss of use therefrom, arising out of, arising from or in any manner connected with the execution of the Work under this Subcontract and, to the fullest extent permitted by law, [plaintiff] shall defend and indemnify Mortenson * * * from and against all such claims, damages, losses and expenses, including without limitation claims for which Mortenson or Owner may be or may be claimed to be liable, and legal fees and disbursements paid or incurred to defend any such claims or to enforce provisions of this Article."

[5] The contract provided, in part:

"16. INSURANCE

"* * * * *

"16.4 [Plaintiff] shall endorse its Comprehensive General Liability * * * polic[y] to add Mortenson as an 'additional insured' * * *."

tender of defense because the indemnification clause in the subcontract was unenforceable under Oregon's Workers' Compensation Law, ORS 656.018(1)(a). Folliard informed Mortenson of this decision yet remained involved in the depositions of Northwestern's employees conducted for the litigation.

In July 1991, Mortenson filed an action against Northwestern for breach of contract based on Northwestern's failure to name Mortenson as an additional insured under its comprehensive general liability policy. Mortenson sent a copy of the complaint to Wausau's attorney, who immediately informed Northwestern and Wausau of the action and obtained an extension of time for Northwestern to make an appearance in the litigation. Three weeks after Mortenson filed suit against Northwestern, Wausau informed Northwestern that it would not undertake the defense of the action because the breach of contract claim was not covered under either of Northwestern's policies. Mortenson ultimately settled Sorenson's injury action and Northwestern settled Mortenson's action for damages due to Northwestern's failure to procure insurance.

Northwestern then brought this action against Wausau to recover defense expenses and what it paid to settle the lawsuit brought against it by Mortenson arising from Wausau's failure to defend and pay under its workers' compensation insurance and general liability insurance contracts. Before trial, the court dismissed plaintiff's breach of contract claims, holding that defendant had no obligation to defend Northwestern under either policy. After proceeding to trial on Northwestern's other theories,[6] the trial court entered judgment for Wausau.[7]

Northwestern assigns error to the trial court's ruling that Wausau was not obligated to defend Mortenson in the

---

[6] *See* footnote 3.

[7] The judgment included an award on Wausau's counterclaim to recover $25,000 that Wausau had contributed to the settlement in the Mortenson lawsuit. That award is not challenged here.

Sorenson lawsuit and was not required to defend Northwestern in the action by Mortenson under either the comprehensive general liability or workers' compensation insurance policies.

In determining whether an insurer has a duty to defend, we look only at the facts alleged in the complaint to determine whether they provide a basis for recovery that could be covered by the policy. *Ledford v. Gutoski*, 319 Or 397, 400, 877 P2d 80 (1994). A duty to defend an action against the insured arises when the claim stated in the complaint against the insured could, without amendment, impose liability for conduct covered by the policy. *Id.* at 399-400. In this light, an insurer should be able to determine from the face of the complaint whether to accept or reject the tender of the defense of the action. *Id.* at 400. Accordingly, our review is limited to two documents: the complaint and the insurance policy. *Id.* at 399.

Northwestern first argues that defendant had a duty to defend Mortenson in the Sorenson lawsuit even though Northwestern, the insured, was not a party to that action. It is Northwestern's contention that the Sorenson lawsuit was "effectively" against Northwestern because Northwestern agreed to indemnify Mortenson in the subcontract, and thus, Northwestern stood in the shoes of Mortenson.

First, we look at Northwestern's comprehensive general liability policy and Section I.A.1.a., which details the policy coverage. That section provides, in part:

> "[Wausau] will pay those sums *that the insured becomes legally obligated to pay* as damages because of 'bodily injury' or 'property damage' to which this insurance applies." (Emphasis supplied.)

Turning next to the policy exclusions, Section I.A.2.e. expressly excludes coverage for:

> " 'Bodily Injury' to:

> "(1)   An employee of the insured arising out of and in the course of employment by the insured; * * *

> "* * * * *

> "This exclusion applies:

"* * * * *

"(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

"This exclusion does not apply to liability assumed by the insured under an 'insured contract.' "

An "insured contract" is defined under Section V.6.g. as:

"That part of any other contract or agreement pertaining to your business under which you assume the tort liability of another to pay damages because of 'bodily injury' or 'property damage' to a third person or organization, if the contract or agreement is made prior to the 'bodily injury' or 'property damage.' Tort liability means a liability that would be imposed by law in the absence of any contract or agreement."

Even accepting Northwestern's proposition that it stood in the shoes of Mortenson, Northwestern nonetheless fails to explain how it could be liable to Sorenson. We resolve that question by looking at ORS 656.018(1)(a), which provides:

"The liability of every employer who satisfies the duty required by [the Workers' Compensation Law] *is exclusive and in place of all other liability arising out of injuries, diseases, symptom complexes or similar conditions arising out of and in the course of employment* that are sustained by subject workers the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such conditions or claims resulting therefrom, *specifically including claims for contribution or indemnity asserted by third persons from whom damages are sought on account of such conditions*, except as specifically provided otherwise in this chapter." (Emphasis supplied.)

As a matter of law then, Northwestern could not be held directly or indirectly liable for Sorenson's work-related injuries, *i.e.*, by being named as a party in a lawsuit to recover for such damages or by virtue of a contractual indemnity provision, like that found in Section 17 of Northwestern's construction subcontract. It follows then, that Wausau had no duty under the terms of the comprehensive general liability policy to undertake Mortenson's defense in the Sorenson lawsuit on the theory that Northwestern was really the defendant. The trial court did not err.

We turn now to Northwestern's coverage under its workers' compensation insurance policy. There is no dispute that Northwestern complied with its statutory duties under the Workers' Compensation Law, and thus, Northwestern could not be held liable for Sorenson's job-related injuries. ORS 656.018(1)(a). Moreover, Part Two, Section C.1. of its workers' compensation policy, expressly excludes coverage for "liability assumed under a contract." Accordingly, the trial court did not err; Wausau had no duty under the terms of its workers' compensation policy to undertake Mortenson's defense in the Sorenson lawsuit on the theory that Northwestern was really the defendant.

■     Northwestern's second argument is that defendant had a duty to defend it in the Mortenson lawsuit based on Northwestern's failure to procure insurance for Mortenson. As we understand it, Northwestern's argument is that when Mortenson tendered the defense of the Sorenson lawsuit to Northwestern under the indemnity agreement in the subcontract, Wausau had a duty to defend. Plaintiff is incorrect. Mortenson brought suit against Northwestern claiming damages for breach of contract, contending that due to Northwestern's failure to procure insurance as it had agreed to do in the subcontract, Mortenson had to defend and pay claims that otherwise would have been insured. Wausau's policies only provided coverage for "bodily injury" and "property damage."[8] Thus, the trial court did not err, defendant had no duty to defend.

Affirmed.

---

[8] We reject Northwestern's argument that its failure to name Mortenson as an additional insured in its comprehensive general liability policy constituted an "occurrence" or "accident" that resulted in "property damage" for which coverage is provided under the policy. Here, Northwestern's failure to procure insurance to protect Mortenson breached the agreement of the parties. It did not, however, constitute a breach of any duty imposed by law. *See Kisle v. St. Paul Fire & Marine Ins.*, 262 Or 1, 6-7, 495 P2d 1198 (1972). Therefore, the damages caused by Northwestern's failure to perform under the contract are not recoverable under its liability insurance policy. *Id.* at 7.