Argued and submitted November 21, 1997, affirmed June 24, 1998

Richard HOFSHEIER,
*Appellant,*

*v.*

FARMERS INSURANCE EXCHANGE,
a foreign corporation,
*Respondent.*

(9603-02295; CA A94885)

963 P2d 48

Robert L. Bonaparte argued the cause for appellant. With him on the briefs was Bonaparte, Elliott, Ostrander & Preston, P.C.

Paul Bierly argued the cause for respondent. On the brief were Austin W. Crowe, Jr., Paul Bierly and Bogle & Gates, P.L.L.C.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiff initiated this action to recover damages for breach of an insurance contract and for a declaration of a duty to defend and indemnify against defendant Farmers Insurance Exchange, Inc. (Farmers). The trial court granted Farmers' motion for summary judgment and denied plaintiff's cross-motion for summary judgment. Plaintiff appeals, and we affirm.

ORCP 47 C provides that summary judgment shall be granted "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In reviewing a summary judgment, we view the admissible evidence in the record in the light most favorable to the party opposing the motion. *Hickey v. Settlemeir*, 318 Or 196, 203, 864 P2d 372 (1993). Here, the relevant facts are not in dispute. Therefore, the issue is whether Farmers was entitled to prevail as a matter of law.

Farmers insured plaintiff under both a primary homeowner's policy and an umbrella liability policy. In 1996, he was named as a defendant in a suit brought by Aho Construction, Inc. Aho claimed that plaintiff and other residents of Banks engaged in concerted discriminatory efforts to prevent it from developing a parcel of real property in violation of the Fair Housing Act, 42 USC §§ 3601-3631, and Oregon law, ORS 659.033.

Plaintiff tendered the defense of that action to Farmers under both the homeowner's policy and the umbrella policy. Farmers denied coverage explaining that, first, the policy did not cover statutory race discrimination claims, and, second, the policy's intentional acts exclusion denied coverage. On Farmers' motion for summary judgment, the trial court held that the policy unambiguously excluded statutory race discrimination claims. On appeal, plaintiff argues that the court erred in finding that the umbrella liability coverage did not extend to statutory discrimination claims.

The insurance policy coverage provides that "[w]e will pay **damages** on your behalf, subject to the exclusions."

(Boldface in original.) The policy defines "damages" as follows:

"5.  **Damages** - means the total of:

"a.  **damages** that you must pay * * * because of **personal injury** or **property damage** covered by this policy;

"b.  reasonable expenses that you incur in the investigation, defense and settlement of a claim or suit because of **personal injury** or **property damage** covered by this policy * * *.

"* * * * *

"8.  **Personal injury** - means:

"* * * * *

"b.  Injury arising out of:

"* * * * *

"(4)  discrimination because of race, color, religion or national origin. Discrimination prohibited by law is excluded." (Boldface in original.)

The policy specifically excludes "**Damages** due to discrimination in anyway connected with a violation of any State or Federal Civil Rights law." (Boldface in original.)

The trial court held:

"Based on the narrow pleadings of the underlying case, which contain only statutory race discrimination claims, the pleadings do not presently obligate defendant to defend this underlying case. If the pleadings change to arguably include allegations within policy coverage, e.g., common law race discrimination claims, the duty to defend should be reviewed."

Plaintiff argues that the trial court erred because there is no such thing as "common law race discrimination." Further, he argues, an exclusion may not be read to negate a specific coverage. In essence, plaintiff argues that the contract is ambiguous and should be interpreted against the insurer in favor of coverage. However, the policy is not ambiguous and the trial court correctly held that Farmers had no duty to defend.

■ ■ In determining whether an insurer has a duty to defend, we look only at the facts alleged in the complaint to determine whether they provide a basis for recovery that could be covered by the policy. *Holman Erection Co. v. Employers Ins. of Wausau*, 142 Or App 224, 229, 920 P2d 1125, *rev den* 324 Or 394 (1996). A duty to defend an action against the insured arises when the claim stated in the complaint against the insured could, without amendment, impose liability for conduct covered by the policy. *Id.* Thus, our review is limited to two documents: the complaint and the insurance policy. *Id.*

The lawsuit filed by Aho against plaintiff alleges two claims for relief. The first claim was brought pursuant to the Federal Fair Housing Act, 42 USC §§ 3604(a), (b) and 3617. The second was brought pursuant to Oregon's Fair Housing Laws, specifically ORS 659.033. Both allegations fall within the insurance policy's exclusion denying coverage for damages "due to discrimination in anyway connected with a violation of any State or Federal Civil Rights law."

That exclusion, by itself, is not ambiguous. Plaintiff's argument, however, is that the exclusion becomes ambiguous when read in combination with the entire policy which provides coverage for "discrimination because of race, color, religion or national origin. Discrimination prohibited by law is excluded." Plaintiff argues that denial of coverage in this case would essentially "withdraw with the policy's left hand what is given with its right." He argues that there is no common-law claim for discrimination and, if the exclusion applies, there can be no coverage whatsoever for discrimination. He is incorrect.

■ It is true that most discrimination lawsuits are based on either federal or state civil rights laws. However, there are areas of the common law that encompass aspects of discrimination actions. For instance, under common law, innkeepers, smiths, and others who offered to serve the public at large are prohibited from refusing, without good cause, to serve a customer. *See Romer v. Evans*, 517 US 620, 627, 116 S Ct 1620, 134 L Ed 2d 855 (1996). The Supreme Court has acknowledged that the fair 	using provisions of the Civil

Rights Act of 1968 are analogous to, and possibly an extension of, the common-law rule against discrimination by innkeepers. *Curtis v. Loether*, 415 US 189, 196, 94 S Ct 1005, 39 L Ed 2d 260 (1974). That Court also noted that an "action to redress racial discrimination may also be likened to an action for defamation or intentional infliction of mental distress." *Id.* at 195 n 10. Additionally, in Oregon, discrimination may form the basis for common-law claims for intentional infliction of emotional distress, *Carr v. US West Direct Co.*, 98 Or App 30, 35-36, 779 P2d 154, *rev den* 308 Or 608 (1989), or wrongful discharge, *Goodlette v. LTM, Inc.,* 128 Or App 62, 65-66, 874 P2d 1354 (1994).

The insurance contract here is not ambiguous. It specifically excludes damages in any way arising out of a violation of any state or federal civil rights law. The claims made by Aho against plaintiff were both based entirely on state or federal civil right statutes. The insurer had no duty to defend against those claims.

Affirmed.